UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| IN RE JERROLD BRUCE CARRINGTON,<br>    Debtor.<br>_____ | )<br>)  Bkrtcy. Case. No.: 17-21208<br>)  Adv. Case No.: 20-02011<br>) |
| ALBERT DAVIS,<br>    Appellant/Defendant<br><br>         v.<br><br>JERROLD BRUCE CARRINGTON,<br>    Appellee/Plaintiff | )<br>)<br>)<br>)<br>)  **Cause No. 2:23cv342**<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Albert Davis seeks leave to file an interlocutory appeal from the bankruptcy court's denial of his motion for summary judgment in an adversary proceeding the Debtor, Jerrold Bruce Carrington, has brought against Davis. Because the motion for summary judgment that was denied by Bankruptcy Judge Ahler is not contestable, there are no grounds for an interlocutory appeal.

### Background

Davis has filed a number of appeals and motions for interlocutory appeals all stemming from this same underlying bankruptcy. *See, e.g.*, Case Nos. 2:18-cv-417, 2:22-cv-363, 2:22-cv-129. The protracted litigation has taken up a great deal of this court's time. Therefore, I'm going to keep the factual background short and cut to the chase.

Davis is a lawyer who represents himself in this matter.  He received a consent judgment against Carrington in federal court in California back in 2012.  Several years later, on May 1, 2017, Carrington filed a petition under Chapter 13 of the United States Bankruptcy Code.  Mr. Davis filed a proof of claim in Carrington's bankruptcy case in the amount of $104,700.28 along with a one-count adversary action seeking a declaration that the debt owed to him is nondischargeable.

On December 30, 2019, Carrington voluntarily converted his Chapter 13 proceeding to one under Chapter 7.  Although Carrington's Chapter 13 Plan was never confirmed, Carrington had been making plan payments to the Chapter 13 Trustee.  At the time of the conversion, the Chapter 13 Trustee held $56,343.70, which Carrington had remitted under the terms of his proposed plan.

Davis then petitioned a Lake County Indiana Superior Court to set a proceedings supplemental hearing regarding the funds held by the Chapter 13 Trustee.  This caused Carrington to file his own adversary proceeding (No. 20-02011).  In it, Carrington argued that Davis violated the automatic stay when he petitioned the Lake County Superior Court to set the proceedings supplemental hearing against Carrington after his Chapter 13 bankruptcy case was converted to Chapter 7.

On October 7, 2022, Davis filed a summary judgment motion asking Judge Ahler to find as a matter of law "the automatic stay was terminated as to the funds held by the Chapter 13 trustee" upon conversion of Carrington's Chapter 13 case to a Chapter 7 case. [DE 1-1 at 16.]  Upon conversion of the Chapter 13 case to a Chapter 7 case, the

2

post-petition wages paid into the estate became Carrington's property and were no longer property of the Chapter 13 estate. *See Harris v. Viegelahn*, 575 U.S. 510, 518 (2015). In other words, Davis wanted Judge Ahler to say he didn't violate the stay (and it was fine for him to go after the money the Debtor had previously paid into the Plan and post-petition wages).

Judge Ahler didn't see it the same way. In a well-reasoned written opinion, he held that a case conversion is not "an act that would terminate the stay as to the debtor or property of the debtor." [DE 1-1 at 18.] He reasoned, "if Congress had meant to include conversion as an event that would terminate the automatic stay as to the debtor and property of the debtor, it could have done so." *Id.* Judge Ahler further reasoned that when a bankruptcy petition is filed, the stay provisions of 11 U.S.C. § 362 automatically take effect, and the protections are both *in personam* and *in rem*. [*Id.* at 16.] He concluded that Davis failed to show that he was entitled to judgment as a matter of law. As a result, Judge Ahler denied Davis' motion for summary judgment. [*Id.* at 20.]

The Debtor initially filed a response to Davis' motion for leave to file an interlocutory appeal. [DE 4.] However, after Davis moved to strike the response [DE 5], the Debtor moved to withdraw the response, stating it had been filed in error [DE 6]. The motion to withdraw [DE 6] is GRANTED, the response [DE 4] is WITHDRAWN,

3

and the motion to strike [DE 5] is DENIED AS MOOT.

## Discussion

In general, a denial of a motion for summary judgment—whether in the bankruptcy context or otherwise— is not considered to be a final, appealable order. *Garvin v. Wheeler*, 304 F.3d 628, 632 (7th Cir. 2002).  However, I have discretion to hear this matter as an interlocutory appeal.  28 U.S.C. § 158(a)(3).  And although bankruptcy courts are not required to certify an interlocutory appeal before a party may file a motion for leave to appeal as non-bankruptcy courts are required to do, *In re Jartran*, 886 F.2d 859, 865-66 (7th Cir. 1989), a motion for leave to file an interlocutory appeal in the bankruptcy context is still evaluated using the same Section 1292(b) standards as non-bankruptcy cases.  *See Gouveia v. I.R.S.*, 228 B.R. 412, 413 (N.D. Ind. 1998); *In re IFC Credit*, Nos. 10C256, 10C719, 10C749, 2010 WL 1337142 at *2 (N.D. Ill. Mar. 31, 2010). Those standards are that "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in the original). "Unless *all* these criteria are satisfied," I can't take the appeal.  *Id*. at 676 (emphasis in the original).

The basic problem with this appeal is that it doesn't involve a *contestable* question of law, *i.e.* a question of law where there is substantial ground for difference of opinion. *See Ahrenholz*, 219 F.3d at 675; *In re IFC Credit*, 2010 WL 1337142, at *2.  While Debtor himself believes that when a Chapter 13 case is converted to a Chapter 7 case, the

4

automatic stay should be lifted, he concedes the answer "seems to have not yet been answered by the courts." [DE 1-1 at 6.] Davis insists a plain reading of 11 U.S.C. § 362 doesn't protect a Debtor's post-petition assets if the Debtor converts his bankruptcy from Chapter 13 to Chapter 7.  However, he cites to no court or case law whatsoever that has *ever* read the statute the same way he does.  In sum, Davis has presented no "contest" about the controlling law, nor any "substantial ground for difference of opinion" about the controlling law.  *See* 28 U.S.C. § 1292(b); *In re IFC Credit*, 2010 WL 1337142 at *2.

Judge Ahler issued a sound decision denying Davis' motion for summary judgment.  There appears to be no contestable issue of controlling law, and an interlocutory appeal will not materially advance the termination of this matter.

## Conclusion

For the aforementioned reasons, the motion to withdraw [DE 6] is GRANTED, the response [DE 4] is WITHDRAWN, and the motion to strike [DE 5] is DENIED AS MOOT.  Davis' Request for Leave to Appeal an Interlocutory Order is DENIED.  The notice of filing an appeal from the bankruptcy court is DISMISSED WITHOUT PREJUDICE since Davis is not appealing a final, appealable order.  The Clerk is ORDERED to CLOSE this case.

ENTERED: February 8, 2024.

/s/ Philip P. Simon  
**PHILIP P. SIMON, JUDGE**  
**UNITED STATES DISTRICT COURT**